J-S27019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW TERRY INGRAM | : | |
| | : | |
| Appellant | : | No. 505 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 14, 2023
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0001106-2022

BEFORE: BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: AUGUST 23, 2023**

Andrew Terry Ingram appeals from the judgment of sentence of seventy-two hours to six months of incarceration imposed following his conviction for three counts of driving under the influence ("DUI") and one count of failing to drive on the right side of the roadway. Counsel has filed an application to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). For the reasons that follow, we remand for further proceedings.

Considering our disposition, a brief history will suffice. On January 6, 2023, Appellant proceeded to a combined suppression hearing and bench trial for various DUI-related charges pertaining to an incident that occurred approximately one year prior. The trial court denied Appellant's suppression motion, found him guilty as indicated above, and sentenced him. This timely appeal followed. The trial court entered an order directing Appellant to file a

Pa.R.A.P. 1925(b) statement, but none was filed. The court issued a statement suggesting the appeal be dismissed as a result. *See* Trial Court Opinion, 3/22/23. Over one month later, counsel filed an untimely concise statement on Appellant's behalf, raising a single issue challenging the sufficiency of the evidence. Counsel then filed in this Court an *Anders* brief and petition to withdraw, presenting the same sufficiency challenge as the only issue arguably supporting an appeal. *See Anders* brief at 6.

Before we consider the adequacy of counsel's *Anders* filings, we must address his failure to timely file a Rule 1925(b) statement in response to the trial court's order. This Court recently considered a nearly identical situation in *Commonwealth v. Stroud*, ___ A.3d ___, 2023 WL 4411880, at *2–3 (Pa.Super. filed July 10, 2023). In *Stroud*, counsel failed to respond to a Rule 1925(b) order, prompting the trial court to conclude that Stroud had therefore waived all issues and to advocate that this Court dismiss the appeal. We rejected the court's request on two grounds. First, "the trial court's order directing the filing of the statement was unenforceable because it did not strictly comply with Rule 1925(b)."[1] *Id*. at *2 (cleaned up). Second, the court failed to take the appropriate steps to remedy counsel's failure to respond to the Rule 1925(b) order. In that regard, this Court has directed that where "counsel fails to file a Rule 1925(b) statement before the trial court files a Rule 1925(a) opinion, the opinion should note the ineffectiveness of counsel, permit

---

[1] We note our displeasure and growing disquietude at how prevalent this issue has become throughout the Commonwealth.

counsel to file a statement *nunc pro tunc*[,] and address the issues raised in a subsequent Rule 1925(a) opinion." ***Id***. at *2–3 (cleaned up). Finally, in the ***Anders*** context, "the trial court's advocacy for a dismissal based upon *per se* ineffectiveness rather than ensuring it procured the necessary information to author an opinion to assist our review pose[d] a substantial impediment to meaningful and effective appellate review." ***Id***. (cleaned up).

Here, the court's order directing Appellant to file a concise statement was unenforceable as it did not comply with the directives of Rule 1925(b).[2] Moreover, the court failed to follow the proper remedial course when counsel failed to file the statement. Additionally, our preliminary review of the record reveals that counsel failed to ensure the inclusion of the video evidence introduced by the Commonwealth at trial. ***See*** N.T. Suppression & Trial, 1/6/23, at 9-10 (referencing Commonwealth Exhibit 1). "When the record is incomplete, we can neither confirm that counsel complied with the duty to conscientiously examine the record, nor conduct our own review to confirm the frivolity of the appeal." ***Stroud***, ***supra*** at *4 (cleaned up).

As Appellant's counsel has since filed a Rule 1925(b) statement, we need not remand for the filing of a new statement. Rather, we deny counsel's petition to withdraw and remand for counsel to ensure inclusion within the certified record all necessary materials, including, but not limited to,

---

[2] Specifically, it did not contain "the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement[,]" as required by Pa.R.A.P. 1925(b)(3)(iii).

Commonwealth Exhibit 1. Additionally, we direct the trial court to author a Rule 1925(a) opinion within thirty days of this memorandum based upon the Rule 1925(b) statement filed on April 24, 2023. ***See id***. at *4.

Petition to withdraw denied. Case remanded for proceedings consistent with this memorandum. Panel jurisdiction retained.